[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' MOTION FOR SUMMARY JUDGMENT BASED UPON FOREIGN JUDGMENT
On October 15, 1996, plaintiff Edward McArdle filed an action against the defendants LaQuilla Hillian (Hillian) and Yale University (Yale), alleging that Hillian negligently struck the plaintiff's vehicle while driving a vehicle owned by Yale, causing physical injuries and property damage. On October 28, 1996, the plaintiff obtained a default judgment in Ohio against Hillian based on the same incident in question, for which CT Page 5498 the defendant, Hillian, allegedly paid the plaintiff $4,346.51 plus costs.
On March 26, 2000, the plaintiff moved for summary judgment as to liability, arguing that the Ohio judgment should preclude this court from hearing the liability claims in a Connecticut court. The defendants argue in opposition that Hillian never received notice of the suit because she resided in Connecticut and did not receive t e summons. The defendants also argue that because they never had a fair opportunity to litigate the matter, the claim should not be precluded in Connecticut.
Summary judgment provides a method to resolve litigation when all of the evidence presented shows both that there are no questions of "material fact and that the moving party is entitled to judgment as a matter of law." Miles v. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). In deciding the motion the court views the evidence the perspective favorable to the non-moving party.
The main issue presented by the parties is whether the prior Ohio judgment precludes Connecticut litigation on the liability of the defendants. "[U]nder the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim." (Emphasis in original; internal quotation marks omitted.) Linden Condominium Assn., Inc. v.McKenna, 247 Conn. 575, 594, 726 A.2d 502 (1999). "[The Supreme court recognizes] that a decision whether to apply the doctrine of res judicata to claims that have not actually been litigated should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the [plaintiff] and f the courts in bringing litigation to a close . . . and the competing interest of the [defendant] in the vindication of a just claim." (Citation omitted; internal quotation marks omitted.) Fink v. Golenbock, 238 Conn. 183, 192, 680 A.2d 1243 (1996).
In the present case, there is a question of material fact as to whether the defendants' liability was fully and fairly litigated in the Ohio default judgment. In the Ohio complaint, the plaintiffs, McArdle and Metropolitan Property Casualty Company (Metropolitan), allege that the plaintiff's insurance company, Metropolitan, paid McArdle $3,346.51 "thereby becoming subrogated to the rights and causes of its insured to the extent of said payment." (Emphasis added.) (Ohio Complaint, ¶¶ 1, 3.) The plaintiff, McArdle, also sought payment of the $1,000 deductible he paid out of pocket. The Cleveland Municipal Court, Cuyahoga County, entered a default judgment against Hillian on October 28, 1996.
In further support of the plaintiff's motion for summa judgment, he submitted a copy of a check in the amount of $4,346.51 paid by Yale's CT Page 5499 insurance carrier, ESIS, Inc., to Metropolitan. The check is dated February 13, 2001. The Ohio claim was for property damage only whereas the plaintiff seeks property damage and damages for physical injuries in Connecticut. Although the Ohio court rendered a default judgment against Hillian, the owner of the vehicle was Yale, and it was Yale that insured the vehicle, as demonstrated by the check which indicates Yale is the client of ESIS, Inc.
This court finds that there are genuine issues of material fact as to liability and it would be the plaintiff who is estopped (issue preclusion) on the issue of property damages if indeed he prevails at trial. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984). In the present case, the policies underlying res judicata favor Hillian's interests in just vindication of her claims over the plaintiff's interest in concluding the litigation.
For the foregoing reasons, plaintiff's Motion for Summary Judgment is denied.
Clarance J. Jones, Judge